# BILL NOWLIN v. STATE.

No. A-7032.   Opinion Filed September 21, 1929.
(281 Pac. 152.)

Hussey & Chaney, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

CHAPPELL, J.   The evidence on the part of the state is that Tom Bryan, deputy sheriff of Kiowa county, accompanied by Lee Watson and Mr. White, deputy sheriffs, having a search warrant for the premises of the defendant, visited those premises and made a search; that they found six barrels of mash, three or four cream cans, fixed to connect up, a worm for a still, and a stove; that this still was located about 200 yards from the place where the defendant resided.   There is a conflict in the evidence as to whether the premises upon which the still was found was occupied by or under the control of the defendant.   There was a path leading from the house of the defendant to a well, and from the well 50 or 60 steps to the still, which was concealed in a clump of weeds. The officers testified that the only path leading to the still was from this well.   The officers testified that the same tracks that led from the house to the well continued on to the still.   The testimony was that the officers went

straight from the house to the still; that one of them went back to get the defendant; that he saw him crossing the field, commanded him to stop, and arrested him, took him down to the car, and left him there with one of the officers, while the other officer went up to destroy the mash and bring the still to the car; that when these officers got back the defendant had escaped, and they saw him in a weed patch about a quarter of a mile away, and that when they tried to get up to him he ran off across the line into Comanche county.

The defendant explains his crossing the field by saying he was going to mail a letter for his wife, and explains his escaping from the officers by saying he knew they would put him in jail, and if he was in jail he could not make bond, and so he ran away to hunt some bondsmen. On cross-examination the defendant admitted he did not ask the officers what they arrested him for. The defendant was also asked if he did not make a statement to Mr. Bryan that, if he could get a minimum of 30 days and $50, he would plead guilty of this charge, and the defendant said he did not remember whether he made any statement like that or not. On motion of defendant's counsel, these questions and answers were excluded by the court.

The defendant contends that the verdict of the jury is contrary to the evidence and the law. The location of the still and mash, the path leading from defendant's house to the still, the tracks from the defendant's house to the still, the actions of the defendant in escaping from the officers, together with the other circumstances in the case, were sufficient to justify the jury in finding the defendant guilty. This court has so often said that it will not disturb a verdict of the jury, where there is

any competent evidence to support the same, that it is unnecessary to cite authorities.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.